UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

| | | |
|---|---|---|
| RHTC LIQUIDATING CO.<br>fka Railpower Hybrid Technologies Corp.<br>fka Railpower Corporation<br>fka Technologies Hybrides Railpower Corp.<br>    *Debtor* | : : : : : : | Case No. 09-11492 TPA<br>Chapter 7 |
| RHTC LIQUIDATING CO.<br>fka RailPower Hybrid Technologies<br>Corp.<br>    *Movant* | : : : : : | Related to Document No. 64 |
| v. | : : | |
| UNION PACIFIC RAILROAD<br>COMPANY, THE FORQUER<br>GROUP, STAUFFER DIESEL,<br>INC. AND EFCO, INC.,<br>dba ERIE PRESS SYSTEMS<br>    *Respondents* | : : : : : : | |

## **MEMORANDUM ORDER**

This involuntary Chapter 7 case was filed on August 14, 2009. The "foreign representative" of the alleged Debtor responded by filing a *Motion to Dismiss Involuntary Chapter 7 Case* ("Motion"), Document No. 20, on September 8, 2009. The alleged Debtor itself joined in that *Motion* the same day at Document No. 21. Since then the parties to the *Motion* have engaged in discovery and have submitted various briefs and other filings addressing the merits of the *Motion*. On December 16, 2009 the Court issued an *Order* setting forth deadlines for filing pretrial narrative statements and scheduling an evidentiary hearing on the *Motion* to be held on February 9, 2010.

1

On February 5, 2010, without having had any prior involvement in this matter, an entity known as the Ontario Teachers Pension Plan ("OTPP") filed a document entitled *Joinder of Ontario Teachers Pension Plan in Support of the Motion to Dismiss Involuntary Chapter 7 Case*, ("Joinder"), Document No. 64. The *Joinder* alleges in part that OTPP is a creditor of the alleged Debtor, and that while it shares the overall goal of the *Motion* to have the case dismissed, it wants to issue a "separate response" in favor of the *Motion* because it does not share the same views as the foreign representative with respect to certain issues.

The OTPP is not named as a party to the *Motion*, nor, as indicated above, did it have any prior involvement in the *Motion* before filing the *Joinder* several days ago. The OTPP was first required to seek leave to intervene pursuant to *Fed.R.Bankr.P. 2018(a)*, but it failed to do so.[1] That in itself would be a sufficient reason to dismiss the *Joinder*. However, even if the Court were to treat the *Joinder* as including an implicit request for relief pursuant to *Rule 2018(a)*, it would still dismiss the *Joinder*.

Intervention pursuant to *Rule 2018(a)* is not a matter of right; it lies within the discretion of the Court. As stated by another court, *Rule 2018* gives courts the discretion to "balance the needs of a potential intervenor against any delay or prejudice which would result from intervention." *In re Long*, 2006 WL 2090246 *12 (Bankr. E.D. Tenn. 2006), reversed on other

---

[1] Intervention in an adversary proceeding is governed by *Fed.R.Bankr.P. 7024*, which incorporates *Fed.R.Civ.P. 24*. The *Motion* is not an adversary proceeding and is probably best characterized as a "contested matter". See *Fed.R.Bankr.P. 9014(a)*. Intervention in contested matters is governed by *Rule 2018*, and specifically in this case subsection (a), which provides:

> (A) PERMISSIVE INTERVENTION. In a case under the Code, after hearing on such notice as the court directs and for cause shown, the court may permit any interested entity to intervene generally or with respect to any specified matter.

2

grounds, 519 F.3d 288 (6th Cir. 2008) (quoting from *In re City of Bridgeport*, 128 B.R. 686, 687 (Bankr. D. Ct. 1991)).

When the Court applies such balancing test in this case it is abundantly clear the permissive intervention under *Rule 2018(a)* should not be allowed. The OTPP did not file the *Joinder* until five months after the *Motion* was filed and only a few days prior to the evidentiary hearing, which was scheduled almost two months ago. Pretrial narrative statements have been filed. It would be fundamentally unfair and prejudicial to the petitioning creditors if OTPP were allowed to intervene at this late stage in the proceedings, thus presenting the petitioning creditors with a whole new party and new arguments to respond to on the eve of the hearing. Furthermore, the Court has no reason to believe that the foreign representative will not adequately represent the interests of the OTPP.

*AND NOW*, this *8th* day of *February, 2010*, for the reasons stated above, the *Joinder of Ontario Teachers Pension Plan in Support of the Motion to Dismiss Involuntary Chapter 7 Case* is *DISMISSED*.

_____
Thomas P. Agresti, Chief Judge
United States Bankruptcy Court

Case Administrator to serve:
    David W. Ross, Esq.
    Mark A. Lindsay, Esq.
    Paul A. Cordaro, Esq.
    Joseph F. Gula, III, Esq.
    Lawrence C. Bolla, Esq.
    Robert W. Pontz, Esq.
    Denise A. Mertz
    James W. Greenfield, Esq.
    Gregory L. Taddonio, Esq.

FILED

FEB - 8 2010

CLERK, U.S. BANKRUPTCY COURT
WEST. DIST. OF PENNSYLVANIA
ERIE OFFICE

# CERTIFICATE OF NOTICE

```
District/off: 0315-1          User: jmar              Page 1 of 1             Date Rcvd: Feb 08, 2010
Case: 09-11492                Form ID: pdf900         Total Noticed: 1
```

The following entities were noticed by first class mail on Feb 10, 2010.
```
aty          +Robert W. Pontz,    Hartman Underhill & Brubaker LLP,    221 East Chestnut Street,
              Lancaster, PA 17602-2782
```

The following entities were noticed by electronic transmission.
NONE.                                                                                        TOTAL: 0

     ***** BYPASSED RECIPIENTS *****
NONE.                                                                                        TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Feb 10, 2010**                   **Signature:** _Joseph Speetjens_